IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-733 |
| DANIEL LAIKIN | : | |

### GUILTY PLEA AGREEMENT

Under Federal Rule of Criminal Procedure 11, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1. The defendant agrees to plead guilty to Count One of the indictment charging conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5.

2. The defendant agrees to pay the special victims/witness assessment in the amount of $100 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

3. The defendant agrees to pay a fine as directed by the Court. The defendant further agrees that any payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guidelines range.

4. Defendant waives any claim under the Hyde Amendment, 18 U.S.C.

§ 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

        5.        At the time of sentencing, the government will:

                a.        Move to dismiss Count Two of the indictment; comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to Count Two, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

                b.        Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution and other matters which the government deems appropriate.

                c.        Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

        6.        The defendant understands, agrees and has had explained to him by counsel that the Court may impose the following statutory maximum sentence: Count One (conspiracy to commit securities fraud), 5 years imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment.

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 5 years per count of conviction in the case of Class A felonies, 3 years per count of conviction in the case of Class B felonies, 2 years per count of conviction in the case of Class C and D felonies, and 1 year per count of conviction in the case of Class E felonies and misdemeanors. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

7. The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

8. Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) except as provided below, the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, and adjustments; (2) these stipulations are not binding upon either the Probation Department or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

(a) The parties agree and stipulate that under USSG § 2B1.1(a)(2), the base offense level for the defendant's conduct is 6; that under USSG § 2B1.1(b)(1)(J) the fraud

loss intended to be caused in furtherance of the criminal activity jointly undertaken by the defendant and his co-conspirators for which the defendant is responsible was between $2,500,000 and $7,000,000; this amount was within the scope of the defendant's agreement; this amount was reasonably foreseeable to the defendant in connection with the conspiracy; and the defendant's Guideline range should be calculated based on this amount pursuant to USSG § 1B1.3, increasing the base offense level by 18 levels.

(b) The parties agree and stipulate that the defendant's offense involved a violation of securities law and, at the time of the offense, the defendant was an officer and director of a publicly traded company, increasing the base offense level by 4 levels pursuant to USSG §2B1.1(b)(16)(A)(i).

(c) The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

(d) The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

(e) The parties agree and stipulate that they will not seek either an upward or a downward departure under the Sentencing Guidelines; the parties reserve their rights to seek a variance under 18 U.S.C. [s] 3553(a), United States v. Booker, 543 U.S. 220 (2005), United States v. Gall, 128 S. Ct. 586 (2007), and United States v. Kimbrough, 128 S. Ct. 558 (2007)

(collectively "Booker"). Thus, the parties are free to seek a sentence outside of the advisory Guidelines range for any of the reasons permitted under Booker, including, but not limited to, any reason that might otherwise be considered a basis for a Departure under the Sentencing Guidelines. This includes, but is not limited to, an argument from the defense (to which the government would object) that the applicable offense level overstates the seriousness of the offense. The parties further agree that the Court's discretion in imposing a sentence outside of the advisory Guidelines range is unaffected by the fact that the request is made for reasons permitted under Booker where there may exist a similar basis for a Departure under the Sentencing Guidelines.

9. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

    a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

    b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

        (1) the defendant's sentence on any count of conviction

         exceeds the statutory maximum for that count as set forth in paragraph 6 above;

    (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and

    (3) the sentencing judge, exercising the Court's discretion pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

  The defendant also waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

  10. The government agrees that it will not bring any criminal charges against the defendant for conduct relating to any attempt to manipulate the stock price of Red Rock Picture Holdings, Inc. This paragraph does not preclude the government from investigating or prosecuting the defendant for any conduct occurring after the date of the execution of this plea agreement.

  11. By entering this plea of guilty, the defendant also waives any and all rights the defendant may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical

evidence in the possession of the government. The defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the government and will therefore not be available for DNA testing in the future.

12. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

13. It is agreed that the parties' guilty plea agreement contains no additional promises, agreements or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements or understandings will be entered into unless in writing and signed by all parties.

MICHAEL L. LEVY
United States Attorney

_____   _____
DANIEL LAIKIN                     PETER F. SCHENCK
Defendant                         Chief, Criminal Division
                                  Assistant United States Attorney


_____   _____
LAURENCE S. SHTASEL               DEREK A. COHEN
JOSEPH G. POLUKA                  LOUIS D. LAPPEN
Counsel for Defendant             Assistant United States Attorneys


Date: September ____, 2009

Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-733 |
| DANIEL LAIKIN | : | |

## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1. I understand that I do not have to plead guilty.

2. I may plead not guilty and insist upon a trial.

3. At that trial, I understand

   a. that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

   b. that the jury could only convict me if all twelve jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

   c. that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

   d. that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

   e. that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

   f. that through my lawyer I would have the right to confront and cross examine the witnesses against me;

   g. that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to;

      h.      that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.      I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.      I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6.      I understand that if I plead guilty, I have waived my right to appeal, except as set forth in appellate waiver provisions of my plea agreement.

7.      Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

_____
DANIEL LAIKIN
Defendant


_____
LAURENCE S. SHTASEL
JOSEPH G. POLUKA
Counsel for Defendant